SALDAÑA *v.* L. RINALDI & Co.

APPEAL from the District Court of San Juan.

No. 347.—Decided February 26, 1909.

UNLAWFUL DETAINER—SMALL ALTERATIONS IN THE PROPERTY LEASED—CASES WHERE THESE QUESTIONS MAY BE DISCUSSED IN AN ACTION OF UNLAWFUL DETAINER.—When the action of unlawful detainer is based on paragraph three of section 1472 of the Civil Code, the only thing to be discussed is whether or not the conditions stipulated in the contract have been violated, in cases where the deceit, fault, or negligence of the lessee make so manifest the violation committed by him, that a restitution of the property to the owner becomes a peremptory and unavoidable necessity; in other cases it is a question to be discussed in an ordinary action.

ID.—SMALL ALTERATIONS—LACK OF NEGLIGENCE OR INTENTION.—An action of unlawful detainer does not lie when based on paragraph 4 of section 1472 of the Civil Code, when the alterations are so insignificant that they do not alter, modify, or damage the property leased, and can be removed without impairing the same, or when there has been no intention or negligence in the construction of said alterations.

The facts are stated in the opinion.

*Mr. Texidor* for appellant.

The respondent did not appear.

MR. JUSTICE FIGUERAS delivered the opinion of the court.

By public deed executed on January 31, 1907, Jorge E. Saldaña leased to Matienzo and Rinaldi, an urban property situated in this city, the latter being subsequently substituted and subrogated to their rights and obligations as lessees by Rinaldi & Co., who now and have for some time been occupying the property leased.

By the fifth clause of the contract of lease the parties stipulated:

"That the lessees shall not have the right to do any work in or make improvements on the property without the written consent of the owners or agent."

The defendants attached two boards to the upper part of the outside walls of the south west sides of the property leased at right angles thereto; on the board facing south is written and may be read the following from a great distance: "The Porto Rican Advertising Co." *"Fume Ud. cigarrillos Ricoro con punta de corcho,"* and on the board facing west is written and may be read the following: "The Porto Rican Advertising Co."

This is the fundamental allegation of fact of the complaint and from this the plaintiff deduces that clause five of the contract above transcribed has been violated, in that all of this has been done without the written consent of those empowered to give such consent under the said clause.

On these grounds, and owing to the improper use of the property leased, an action of unlawful detainer was brought in the District Court of San Juan against Rinaldi & Co.

In their answer the latter deny the fundamental allegation of the complaint, and allege that they have not constructed any work whatsoever nor changed nor altered the walls, partitions or appurtenances of the house leased; that the house continues to be used for the purpose provided by the contract of lease and that they have permitted advertisements to be placed on the walls of the house, because the contract does not

prohibit it, adding that these advertisements have been where they are for more than six months with the consent of the plaintiff.

The trial having been had and the evidence presented by the plaintiff having been heard, the Judge of the District Court of San Juan rendered judgment on September 12, 1908, sustaining the action of unlawful detainer and making the other orders proper in actions of this character.

Rinaldi & Co. took an appeal from this judgment to this Supreme Court and they only appeared here as appellants, presenting a statement of facts approved and signed by the trial judge.

This statement contains the evidence which the judge took into consideration, consisting of the public deed which embodies the lease contract and the testimony of four witnesses.

Section 1472 of the revised Civil Code reads as follows:

"The lessor may judicially dispossess the lessee for any of the following causes:

&ast; &ast; &ast; &ast; &ast; &ast; &ast;

"3. Infraction of any of the conditions stipulated in the contract.
"4. When the lessee employed the thing leased in uses or services not stipulated, and which cause the same to be impaired; &ast; &ast; &ast;."

These are the causes alleged in the complaint in support of this action of unlawful detainer.

The Supreme Court of Spain says in its opinions of January 7, 1902, and July 8, 1903, in construing the third cause of article 1569 of the Spanish Civil Code which is exactly identical to section 1472 of the revised Code of Porto Rico above cited:

"Declarations relating to whether the stipulated conditions of contracts have been infringed or not, must as a general rule be made in the so-called declaratory actions, in order that their reason and ground may be open to discussion and cannot as the jurisprudence of this Supreme Court has established in construing article 1569 of the Civil Code, be made in summary actions, such as unlawful detainer,

excepting in special cases in which fraud, fault or the negligence of the lessee have made the violation committed by him so apparent, that the restoration of the owner in his rights is imposed as a peremptory and unavoidable necessity."

The boards placed at right angle to the upper walls of the house leased, for their purpose of placing thereon advertisements of a specific industry, is a work of such small importance that the defendants could well hold that this was not forbidden by the fifth clause of the contract, inasmuch as it did not alter, modify or damage the house leased in any respect, and could be removed at any moment without injury or damage thereto, and such alteration, modification or damage is what prompted the plaintiff to insert the clause in the contract.

This small work, the destruction of which is easy, reveals an absolute lack of intention or negligence to which the construction of the said boards could be charged.

All that can be said of the evidence of the plaintiff is that the contract was entered into with the fifth clause in question and that the boards were placed as he alleged in the complaint, but the alteration, modification or damage of the walls of the house has not been proved in any respect nor that the boards were of such size and had been constructed in such manner that they cannot be removed or destroyed at any moment without injuring the house leased.

For the reasons stated, the judgment appealed from should be reversed without any special taxation of costs.

*Reversed.*

Justices Hernández, MacLeary and Wolf concurred.

Mr. Chief Justice Quiñones did not sit at the hearing of this case.